CHARLES M. BRIGGS *vs.* MOSES CALL.

Where one tenant in common of a vessel, who has authority to insure for his cotennnt, effects insurance in his own name, for whom it may concern, and, after a loss, makes an adjustment with the underwriters, by receiving the amount of his own loss only, "in full of all losses on the policy;" though he may be liable to the cotenant, in an action on the case, for the full amount of his loss, yet the cotenant may waive his right thus to recover the full amount of his loss, may adopt the adjustment made with the underwriters, and recover of the other tenant in common, in an action for money had and received, his share of the money received by such tenant: Or he may set off his share of the money so received, in an action *ex contractu* brought against him by the other tenant in common.

ASSUMPSIT to recover $193.54, part of the expense of repairing the brig Nile.

At the trial in the court of common pleas, before *Warren*, J. the defendant did not deny the plaintiff's claim ; but he filed an account in offset, amounting to $215.65. One item of this account was, " money received by said Briggs to the use of said Call, upon a policy of insurance on the freight of the brig Nile, effected at the Fishing Insurance Company's office, about August 13th 1840, being three eighths of $375, viz. $140.62." The plaintiff contested this item only.

It was admitted, that in August 1840, the plaintiff owned three eighths of the brig Nile, the defendant three eighths, Griggs & Chickering one eighth, and J. Milligan one eighth : That the brig was then at Attakapas (La.), under the command of said Milligan, who had taken her upon shares, and had engaged a freight, to the amount of $1200, for Portsmouth,

N. H. :   That on the 13th of said August, the plaintiff (being then ship's husband) caused insurance on said freight to be effected at the office of the Fishing Insurance Company, for the benefit of whom it might concern ; and that said brig and freight were totally lost, in the same month.

It was also admitted, that the plaintiff afterwards claimed of the underwriters the amount insured as aforesaid, and that they declined paying any thing upon the defendant's interest, on the ground that the plaintiff had no authority to insure that interest, and therefore the policy did not cover it.

On the 12th of October 1840, the plaintiff made an adjust ment of the loss, with the underwriters, received $ 975, less the premium, viz. $ 944.75, and gave them a receipt in these words : " Received from the Fishing Insurance Company nine hundred and seventy-five dollars, in full for all losses on the within policy. C. M. BRIGGS."

" Captain's interest, $ 600, being one half of charter.   C. M. Briggs,  $ 375,  five eighths of vessel represented by him. $ 975.    Premium note, $ 37.    Less three eighths, or $ 225 — $ 6.75.   $ 30.25 — $ 944.75."

The defendant claimed three eighths of the sum thus received by the plaintiff, on account of the owners' share of said freight, and offered evidence tending to show, that before the plaintiff effected said insurance, he had authority from the defendant to in- sure his interest in the freight, and that his interest, therefore, was covered by the policy.   And the jury were instructed, that if they were satisfied of this fact, they should allow this item in the defendant's account filed in offset, and return a verdict for the defendant for the balance thus found to be due to him ; which the jury accordingly did.   The plaintiff thereupon alleged ex- ceptions to said instruction.

C. T. Russell, for the plaintiff.

Welch, for the defendant.

HUBBARD, J.   It appears by the facts in this case, that the plaintiff, being authorized to insure the defendant's interest in the freight of the brig Nile, did effect insurance on the whole freight, for the benefit of whom it might concern : and that a loss imme-

a₁ately after taking place, he undertook to settle, and did settle it with the company who made the insurance.

The authority of an agent to effect insurance carries with it the right to adjust and settle the loss arising under the policy, while the authority remains unrevoked, and, as a duty connected with such authority, he is bound, in the event of a loss, to apply to the underwriters for payment, and is responsible for his neglect, if any injury is sustained by reason of it. *Richardson* v. *Anderson*, 1 Campb. 43, *note. Power* v. *Butcher*, 10 Barn. & Cres. 329.

The plaintiff did not receive the full amount of the insurance, but the defendant adopts the settlement made by him and claims his share of the loss, agreeably to such settlement ; and he is en titled, we think, to receive it, unless the defence set up by the plaintiff presents a valid objection to his recovery. The plaintiff insists that he did not receive from the underwriters the defendant's share of the insurance, and that the defendant's remedy is against the company ; and it appears by the facts admitted, that when he claimed payment of the loss, the office declined paying any thing upon the defendant's interest, on the ground that the plaintiff had no authority to insure the defendant's share. And the plaintiff, yielding to this objection, adjusted the loss and received a sum which in amount excluded the defendant's interest. But the receipt given and written on the back of the record was " in full for all losses on the within policy." The plaintiff contends that the receipt only binds himself and those for whom he professed to act, and that it does not prevent the defendant from recovering his share of the loss from the company. And many authorities have been cited to prove that a receipt is nothing more than an admission of money received, and may be explained and varied by parol evidence. The cases certainly are numerous to establish the position that receipts are merely *primâ facie* evidence of the payment of money, and are open to explanation, and may be varied and controlled by other evidence. *Stratton* v. *Rastall*, 2 T. R: 366. *Lampon* v. *Corke*, 5 Barn. & Ald. 612. *Graves* v. *Key*, 3 Barn. & Adolph. 313. *Stackpole* v. *Arnold*, 11 Mass. 27. *Wilkinson* v. *Scott*, 17 Mass. 257 *Brooks* v. *White*, 2 Met. 283.

But in the present case, this is not a simple receipt for money. It is the adjustment and settlement of the loss claimed under the contract. It is not only an admission, in its terms, as a receipt in full for all losses on the policy, but it sets out the specific interest insured and deducts the return premium for the amount short insured ; thus adjusting the loss by the plaintiff's allowing that the defendant's interest was not covered by the policy. And it is well settled, that an adjustment of a loss, made in good faith, will not be set aside, unless upon satisfactory evidence of its having been made under a mistake of facts not known at the time. *Harden* v. *Gordon*, 2 Mason, 561, 562. Why the defendant's interest was stricken out as not being insured by the policy, we cannot say ; nor are we called upon to decide whether the underwriters, in consequence of the settlement, are absolutely discharged from any further claim that may be made upon them by the plaintiff, in his own name, or in that of the defendant — they being no parties to this suit.

But we do not think it either necessary or right to turn the defendant round to make his claim upon the company, as in consequence of the plaintiff's conduct he might be unable to present even a *primâ facie* case, without the testimony, and consequent release of the plaintiff ; and he would thus be called upon to put his demand against the plaintiff, which we consider just, at hazard.

It has been argued, that if the defendant has a claim upon the plaintiff, his remedy is by an action on the case for the damage sustained by the neglect of the plaintiff ; and that assumpsit for money had and received will not lie. But we are of opinion that the defendant, being entitled to look to the plaintiff for payment of his loss, may, if he pleases, waive his right to demand the whole amount which he might recover in an action on the case, and claim his share or proportion of the sum actually received by the plaintiff ; and for such proportion assumpsit will lie — the plaintiff having received the money. The claim of the defendant, as made by him, being founded on contract, can, by virtue of the Rev. Sts. *c.* 96, §§ 2, 3, be set off against the plaintiff's demand

*Exceptions overruled.*